**Ruby ADAIR, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Appellee.**

**No. 105–69.**

United States Court of Appeals, Tenth Circuit.

Jan. 29, 1970.

---

1. Section 419.020 KRS (Issuance of writ of habeas corpus). Wingo v. Lyons, Ky., 432 S.W. 2d 821.

Arthur H. Coleman, Santa Fe, N. M., for appellant.

Judith S. Seplowitz, Civil Div., Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., Kathryn H. Baldwin and Michael C. Farrar, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

This appeal is from an Order of the District Court for the District of New Mexico granting defendant's Motion for Summary Judgment in a proceeding to review the Secretary's final decision that claimant, a divorced wife, is not entitled to wife's insurance benefits provided in the Social Security Act and particularly under 42 U.S.C. Section 402(b) (1) (D). Under this section of the Act a divorced wife may qualify for wife's insurance benefits if (1) she was receiving at least one-half of her support, as determined in accordance with regulations issued by the Secretary, from her former husband or (2) was receiving substantial contributions from her former husband pursuant to written agreement or (3) a court order was in effect for substantial contributions to her support from her former husband at the time that the former husband became entitled to benefits.[1]

The undisputed facts are that claimant, Mrs. Adair, and Mr. Marsh were divorced in November, 1963. The decree awarded her certain land with a residence and separate rental unit thereon, an automobile, household furniture and fixtures, a savings account and some bonds. The effect of the decree was to award claimant more than one-half of the parties' community property. Mrs. Adair attempts to bring herself within the coverage of 42 U.S.C. Section 402(b) (1) (D) by asserting that the divorce decree is a "court order for substantial contributions to her support" and that the income from the property awarded to her by the decree constituted a contribution from Mr. Marsh of more than one-half of her support. The proper disposition of this case is governed by our decision in Schroeder v. Hobby, 222 F.2d 713 (10th Cir.).

Schroeder involved the right of a divorced wife to receive mother's benefits pursuant to companion subsection (g) of 402. As subsection (g) of 402 was worded at the time of Schroeder, one of the requirements for entitlement to mother's benefits was that the divorced wife was receiving at the time of the

1. 42 U.S.C. Section 402(b) (1) provides that:

"The wife (as defined in section 416 (b) of this title) and every divorced wife (as defined in section 416(d) of this title) of an individual entitled to old-age or disability insurance benefits, if such wife or such divorced wife * * * "(D) in the case of a divorced wife, was receiving at least one-half of her support, as determined in accordance with regulations prescribed by the Secretary, from such individual, or was receiving substantial contributions from such individual (pursuant to a written agreement) or there was in effect a court order for substantial contributions to her support from such individual * * * shall (subject to subsection (s) of this section) be entitled to a wife's insurance benefit * * *."

**654**

death of the former husband at least one-half of her support from him pursuant to court order. Like Mrs. Adair in our case, Mrs. Schroeder was awarded certain residential property by the New Mexico divorce decree, and she contended that the money received from renting rooms in the residence constituted more than one-half of her support and was received from the former husband pursuant to court order.

The trial court rejected the claim, and we affirmed the judgment on the postulate that the purpose of Section 402(g) was "to extend mother's benefits to a former wife divorced whose economic relationship to the insured wage earner was such that she sustained economic loss arising out of his death." 222 F.2d 713 at 715. Inasmuch as a legal obligation of support did not survive the divorce decree, the former wife did not sustain an economic loss arising out of the death of the former husband. The court thus concluded that the decree was not a court order within the intent and meaning of that term as used in Section 402(g). And so it is in our case.

The crucial consideration is that the divorce decree did not impose a continuing legal obligation of support on the former husband. Here, as in Schroeder, no economic relationship survived the divorce decree. And, as in Schroeder, we must conclude that the decree is not a court order for substantial contributions to claimant's support as that term is used in Section 402(b) (1) (D).

Schroeder also disposes of the contention that income from community property awarded to the wife as her sole and separate property constitutes a contribution from her former husband. The income does not have its source in any obligation of the former husband. Neither the amount nor the continued receipt of the income depends on the financial condition of the former husband. The income does not flow from an economic relationship between them. Thus, it does not constitute support under Section 402(b) (1) (D).

The final contention seems to be that the denial of benefits under the Act results in a deprivation of the benefits of community property in violation of the Fifth Amendment. As we read the argument, it is to the effect that since contributions to the Social Security account of the husband were derived from community earnings the denial of benefits to claimant is a deprivation of property without due process of law. The conclusive answer is that Congress may constitutionally provide the conditions under which a divorced wife may participate in the benefits when payable. And it is not a denial of due process to decide as we do that claimant does not meet those conditions.

Judgment affirmed.