**Louise COLLINS, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education, and Welfare of the United States of America, Defendant.**

**Civ. A. No. 68–1094.**

United States District Court,
W. D. Pennsylvania.

March 31, 1970.

Edmund W. Ridall, Jr., McCann, Garland, Ridall & Burke, Pittsburgh, Pa., for plaintiff.

Douglas D. McBroom, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

Plaintiff brings this action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), seeking a reversal of the denial by the Secretary of Health, Education and Welfare of an application for surviving divorced wife's insurance benefits.

The parties have stated the issue to be—

■ Is plaintiff entitled to a "surviving divorced wife's" benefits under Section 202(e) (1) of the Social Security Act, 42 U.S.C.A. § 402(e) (1)? More narrowly, was plaintiff receiving "substantial contributions" from the wage earner "pursuant to a written agreement" within the meaning of the above Section of the Social Security Act, her qualification in other regards being admitted, but in reality the issue is whether or not the final decision of the Secretary is supported by substantial evidence.

The facts do not appear to be in dispute for all practical intents and purposes.

The plaintiff filed her application for widow's insurance benefits as the surviving divorced wife of the wage earner on June 9, 1966. The claimant and the wage earner were married in West Virginia on November 14, 1925. The couple separated in 1947. For some time prior to 1954, the wage earner was under a court order requiring him to pay the plaintiff $400.00 a month for her support. On July 15, 1954, a written settlement agreement was executed whereby the wage earner obligated himself to pay plaintiff $100.00 a month, beginning with the month of July 1954, for her support and maintenance. The wage earner promised to pay plaintiff a $7500.00 lump sum and certain court and attorneys' fees, and he agreed to transfer two insurance policies, the house in fee simple and its furniture, and a lot in fee simple, upon which a gas station was located as lessee as well as all rents due under the lease due

from the tenant. The lease was originally made by the wage earner and calls for a rent of $229.00 a month. It expired in September 1969. The commercial property was conveyed in January 1955. In August 1954, wage earner made the payment of $7500.00 required by the settlement.

The plaintiff obtained an absolute divorce from the wage earner in the Court of Common Pleas, Allegheny County, Pennsylvania, on January 5, 1955. The decree makes no mention of the aforesaid settlement agreement and did not itself order any support or alimony payments to be made to plaintiff. The wage earner remarried on January 8, 1955. Wage earner died on May 2, 1957, at age 56 of a cerebral hemorrhage. The second wife, soon after, was awarded widow's insurance benefits on the wage earner's account. The wage earner made the $100.00 monthly support payments regularly from July 1954 up to the time of the divorce, January 1955, and thereafter for three months, February, March and April 1955.

The monthly payments did not continue because her former husband became ill and was often hospitalized. Plaintiff did not press the wage earner prior to his death for arrears or future payments except once, in 1956, when she consulted her attorney.

I believe it can be reasonably concluded that the suspension of such payments was occasioned solely by the wage earner's physical condition and his financial inability to make such payments. He became ill in April of 1955 and lingered on for two years, dying eventually on May 2, 1957 of a cardiovascular order. During such two year period the wage earner was in and out of hospitals and able to do very little work.

Although the plaintiff does not contend she was receiving one-half her support from her former husband at the time of his death or that there was in existence at such time a court order for substantial contributions to her support, conclusion is required that under all the evidence she was receiving substantial contributions from him pursuant to a written agreement within the fair intendment of the Social Security Act and that the facts and circumstances of the present case dictate a conclusion that plaintiff fairly meets the substance of the statutory condition.

■■ In order to qualify for social security benefits as the surviving divorced wife of a deceased wage earner, it is necessary for an applicant to meet all the qualifications contained in section 202(e) (1) of the Act, 42 U.S.C.A. § 402(e) (1). One of the qualifications is that if claimant were not entitled to wife's insurance benefits in the month preceding her former husband's death, she must have been either receiving at least one-half her support from him, receiving substantial contributions from him pursuant to a written agreement, or there must have been in existence a court order for substantial contributions to her support from the wage earner. She must be the beneficiary of one of these alternatives either at the time of the wage earner's death or at the time he became entitled to old-age insurance benefits or disability insurance benefits. The burden of proof for sustaining a claim for survivor's benefits is on the claimant. McSweeney v. Celebrezze, 253 F.Supp. 100 (S.D.N.Y.1966).

The law is settled that plaintiff must meet one of the three above-mentioned requirements at the time of the insured individual's death.

■ There was a court order for the support of the plaintiff by the wage earner in existence prior to the divorce in January 1955. However, under Pennsylvania law an absolute divorce terminates a husband's duty to support his wife. Commonwealth ex rel. McVay v. McVay, 177 Pa.Super. 623, 112 A.2d 649 (1955), aff. 383 Pa. 70, 118 A.2d 144, cert. denied, 350 U.S. 995, 76 S.Ct. 544, 100 L.Ed. 860; Commonwealth v. Elliott, 157 Pa.Super. 619, 43 A.2d 630 (1945). Therefore, such divorce decree would also terminate an existing order

for support of a wife. Commonwealth ex rel. Hopp v. Hopp, 30 Pa.Dist. & Co. R. 648 (1937). The divorce decree itself contained no mention of alimony nor did it incorporate the written separation agreement. It is quite obvious then that there was no court order as contemplated by the Act in existence at the time of plaintiff's death.

Therefore, it cannot be said that wage earner provided one-half of plaintiff's support for 12 months prior to May 1957, the "reasonable period" of time allowed therefor by the social security regulations. Neither did she receive substantial contributions under the written separation agreement, for the appropriate regulation states that generally the claimant must actually be receiving the contributions at the applicable time (time of death).

In either situation above, the regulations are liberalized when the wage earner is incapacitated due to illness. However, he must still provide one-half of the claimant's support for at least three of the twelve months preceding death, or, in the case of substantial contributions under a written agreement, a substantial contribution must be made to the divorced wife in no less than three of the twelve months before death. Considering that neither one-half support nor any substantial contribution was provided by plaintiff in any of the 24 months prior to her former husband's death, it is inconceivable that plaintiff could meet the above-stated requirements for entitlement to social security benefits as a surviving divorced wife.

■ Widow's insurance benefits are designed to provide the widow of a wage earner a modicum of maintenance after his death dries up her source of support. Sparks v. United States (Folsom), 153 F.Supp. 909 (D.Vt.1957). The legislative history of the 1965 Amendments to the Social Security Act which permitted surviving divorced wives to receive widow's benefits stated that the purpose of the amendment was to retain widow's insurance benefits for women who were divorced after a long marriage but past the age when they reasonably could be expected to support themselves. Senate Report 404, June 30, 1965, 1 U.S. Code Congressional and Administrative News 1965, pp. 2047–2048. It is obvious that at the time of the wage earner's death, as well as more than 12 months previous to then, the plaintiff was adequately provided for by the rents from the commercial property conveyed to her and from the $7500 lump-sum payment. More important, the sources of support were her own and not her husband's from no later than January 1955.

■ Plaintiff was not receiving one-half her support or substantial contributions pursuant to a written agreement from the wage earner at the time of his death in May 1957. Plaintiff herself admits that she never received any of the $100 monthly payments agreed upon in the separation agreement after April 1955. All of the personal and real property conveyed to her in that agreement, and the $7500 lump sum payment, were transferred no later than January 1955. All this property became hers, including any present and future rents therefrom, in fee simple. Her former husband had no right, title or interest to give her in any of this property within the 24 months before his death.

■ Income derived by a claimant from property conveyed to her by her husband does not constitute support from the wage earner, but rather it was income from property that was solely hers as a contribution to her support or maintenance which for all practical intents and purposes is equivalent to alimony in a lump sum, nor does income plaintiff may have derived from the property she received under the previous transfers constitute support money from the deceased wage earner. It is subsistence from property that was solely hers and not her former husband's subsequent to its transfer to her more than two years before his death.

Lastly, the plaintiff contends that the regulation of the Secretary is arbitrary,

unreasonable, contrary to the spirit and intent of the Act, and not proper and, therefore, should be declared invalid.

■ If the regulation is consistent with the spirit and intent of the Act, it has the full force and effect of law.

Section 404.351 of the Regulations, 20 C.F.R. § 404.351, provides:

"(a) For purposes of sections * * 202(e) (1) (D) * * * of the Act, the term 'written agreement' means an agreement signed by the former husband providing for substantial contributions by him for the claimant's support. It must be in effect at the applicable time but it need not be legally enforceable. 'Substantial contributions pursuant to a written agreement' means contributions (as defined in § 404.350(d)) that are regular and sufficient to constitute a material factor in the cost of the claimant's support. Generally, the claimant must actually be receiving the contributions at the applicable time. However, if the former husband had been making such contributions toward the claimant's support, but, prior to the applicable time, was either forced to stop making such contributions, or to decrease the amount of his contributions because of circumstances beyond his control (such as illness or unemployment), it may be determined that he was making substantial contributions at the applicable time if the former husband would have continued the contributions if he could and his failure to do so did not last for more than 9 months (either consecutive or intermittent) of the 12-month period ending with the applicable time.

"(b)    *    *    *

"(c) For purposes of sections * * 202(e) (1) (D) * * * of the Act, the term 'court order for substantial contributions' means any court order, judgment, or decree of a court of competent jurisdiction which requires regular contributions that are a material factor in the cost of the claimant's support and which is in effect at the applicable time. If such contributions are required by a court order, this condition is met whether or not the contributions were actually made."

■ I do not believe that section 404.-351(a) of the Social Security Regulations, 20 C.F.R. § 404.351(a), made pursuant to the legislative classification enunciated in section 202(e) (1) (D) of the Social Security Act, as amended, 42 U.S.C.A. § 402(e) (1) (D), whereby a "surviving divorced wife" may qualify for widow's benefits if she was receiving substantial contributions to her support from her former husband pursuant to a written agreement at the time of his death, is unconstitutional or a violation of due process. Said regulation, which permits qualification for benefits as the "surviving divorced wife" of a wage earner under this section of the Act only if she was receiving payments under a written agreement for at least three of the twelve months prior to death, does not offend the concept of due process.

■ Only the Fifth Amendment due process clause is applicable since this case concerns Federal action. Taylor v. United States, 320 F.2d 843 (9th Cir. 1963). The Fifth Amendment unlike the Fourteenth, however, contains no equal protection clause. Steward Machine Co. v. Davis, 301 U.S. 548, 584, 57 S.Ct. 883, 81 L.Ed. 1279 (1936); Detroit Bank v. United States, 317 U.S. 329, 337, 63 S.Ct. 297, 87 L.Ed. 304 (1943). While it is recognized that the concepts of equal protection and due process both stem from the American ideal of fairness, the "equal protection of the laws" is a more explicit safeguard of prohibited unfairness than "due process of law" and these are not always interchangeable phrases. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). The Fifth Amendment therefore only restrains such discriminatory legislation as amounts to a denial of due process. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

The concepts of due process under the Fifth Amendment are more usually applied to statutes passed by Congress. Challenges to the constitutionality of the Social Security Act and to the respective classifications contained therein, have consistently been denied. Gruenwald v. Cohen, 393 U.S. 982, 89 S.Ct. 456, 21 L.Ed.2d 445 (1968); Price v. Flemming, 280 F.2d 956 (3rd Cir. 1960) cert. denied 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961).

I do not believe said regulation is arbitrary, discriminatory, and inconsistent with the statute upon which it is based. By permitting a claimant for a "surviving divorced wife's" benefit to qualify through payments received under a separation agreement as well as due to an outstanding court-decreed order for support, section 202(e) (1) (D) of the Act recognizes such peculiarities of local law as Pennsylvania's, wherein no alimony is available after an absolute divorce. Literally read, the statute would require payment under such a contract to be made until only shortly before the death of the wage earner. However, requiring support payments pursuant to the written agreement to be made under certain circumstances in at least three of the twelve months preceding death is actually a liberalization of the applicable provision of section 202(e) (1) (D) of the Act. This substantial period of grace adequately provides for the frequent possibility that a wage earner may not be able to meet his obligation to his former wife during that time due to physical incapacity. Therefore, the subject regulation is not restrictive but offers more than the dictates of the statute.

Due process is not offended by either the statute or its regulations since there is rational and reasonable relation between the differentiations made and the objectives sought.

I realize considerable detailed comment has been made by the Court as to the facts, and law in this Opinion. This has been done deliberately in order that it can be realized that a strong and conclusive frame work existed for the Findings of the Secretary that the plaintiff did not qualify for benefits under the statute.

 The law is settled that if substantial evidence exists in the record to support the Findings and Conclusions, it is the duty of the Court to affirm the Secretary even if the court would reach a contrary conclusion if the matter were being heard de novo. In view thereof, citation of authority would be meaningless.

Although the equities of the case seem to merit favorable consideration of the claim as presented, under the law, as I now interpret it to be, a basis to grant favorable consideration does not exist.

The remedy for circumstances such as exist rests in the legislative branch of the government rather than have the judiciary write or read into the Act provisions that were not intended and which do not exist.

For all reasons set forth herein, the Defendant's Motion for Summary Judgment should be granted.

An appropriate Order is entered.