Loretta H. ROOP, Plaintiff,

v.

Elliott L. RICHARDSON, Secretary of
Health, Education & Welfare,
Defendant.

Civ. A. No. 70-C-94-A.

United States District Court,
W. D. Virginia,
Abingdon Division.

April 5, 1971.

Ralph E. Boucher, Boucher & Boucher,
Abingdon, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty.,
Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This action is brought under section
205(g) of the Social Security Act, 42 U.
S.C.A. § 405(g), to review a final deci-
sion of the Secretary of Health, Educa-
tion and Welfare. The decision render-
ed by the hearing examiner on June 13,
1969 denying the plaintiff her claimed
widow's insurance benefits as a surviv-
ing divorced wife, became the final deci-
sion of the Secretary when the Appeals
Council denied the plaintiff's request for

review on June 29, 1970. Plaintiff's claim for widow's insurance benefits has been rejected at all levels of the administrative process and she now petitions the district court for review of the Secretary's decision. The facts in the present action are not in dispute. The sole issue before the court in this proceeding is whether the Secretary has applied the correct interpretation of the Social Security Act in denying the plaintiff her requested benefits. There is abundant factual evidence in the record to support the Secretary's decision if the correct standards were applied by the hearing examiner.

The facts in the controversy before the court are rather straightforward. Plaintiff was born on August 6, 1895. In March of 1917 she married Pearson Roop, the deceased wage earner, and obtained a divorce from him in September 1948. She has never remarried. The deceased wage earner became entitled to old-age insurance benefits in May of 1958 and continued to receive such benefits until his death on October 5, 1965. The divorce decree, entered on September 29, 1948, provided for a settlement of the parties' respective property rights and for support and maintenance of the plaintiff in that it ratified and approved the contract made between the parties which was to be in lieu and instead of temporary and permanent alimony. The court continued,

> * * * that all property now owned by the complainant, or hereafter acquired by her, shall be hers, free and discharged from any and all claims of the defendant by curtesy or otherwise, and all property now owned by the defendant, or hereafter acquired by him, shall be his, free and discharged from any and all claims of the complainant by dower or otherwise.

The property settlement agreement provided that Loretta H. Roop was to receive the residence and surrounding thirty-nine acres in fee simple free and clear of all claims of the defendant husband. The furnishings and all personal property at the residence was also to be-long solely to the wife. The agreement explicitly provided that,

> 4. The wife accepts the provisions herein made for her in lieu of and in full settlement and satisfaction of any and all claims and rights against the husband and in full settlement and satisfaction of any and all other claims and rights whatsoever which she ever had, now has, or might hereafter have against the husband by reason of their relationship as husband and wife.

The only real question concerning the plaintiff's eligibility for such claimed surviving divorced wife's benefits is whether the provisions of section 202(e) (1) of the Social Security Act, 42 U.S. C.A. § 402(e) (1) have been satisfied. That section in pertinent part requires the widow to be

> (D) * * * receiving at least one-half of her support, as determined in accordance with regulations prescribed by the Secretary, from such individual, or was receiving substantial contributions from such individual (pursuant to a written agreement) or there was in effect a court order for substantial contributions to her support from such individual—
>
> (i) at the time of his death * * * or
>
> (ii) at the time he became entitled to old age insurance benefits or disability insurance benefits * * *.

The plaintiff's counsel is quite correct when he concludes that the requirements of section 202(e) (1) (D) are phrased in the alternative and that the claimant need not be receiving one half of her support from the deceased wage earner if she was receiving substantial contributions from such individual pursuant to a written agreement or there was in effect a court order for substantial contributions to her support. However, even under this correct reading of the statute, this court does not believe that the plaintiff has met her burden of proof to sustain her claim for survivor's benefits. This court is convinced that on the facts before the hearing examiner the claimant was not

the recipient of any one of the three alternatives either at the time of the wage earner's death or at the time he became entitled to old age insurance benefits.

The plaintiff contends that she is entitled to the surviving divorced wife's insurance benefits because she was receiving substantial contributions to her support pursuant to the property settlement agreement that was approved in the divorce decree and thus qualifies under all three provisions of section 202(e) (1) (D) of the Social Security Act, 42 U.S. C.A. § 402(e) (1) (D). The claimant considers the house and thirty-nine acres which she received from her husband as a continuous substantial contribution to her in that it provided her with a home, a garden, a milk cow and chickens. There is little question that this constituted a very substantial part of her living in rural Konnarock, Virginia. In addition, the plaintiff had assigned her rights to such land over to the county welfare department in order to receive monthly welfare aid.

However, the court is not persuaded by the reasoning that these benefits which inured to the plaintiff's well being were in fact support from the wage earner. When the divorce decree is studied and the respective rights and duties of the parties analyzed, it is clear that these benefits, substantial as they were, were nothing more than maintenance and income from property that was solely hers as a contribution to her support and maintenance equivalent to an award of alimony in a lump sum. In fact, subsequent to the divorce the wage earner was not making, had not made and was under no legal obligation to make any other contributions to the support and maintenance of the plaintiff in any form.

■■ The purpose of widow's insurance benefits is to provide the widow of a wage earner a modicum of maintenance after her husband's death dries up her source of support. These benefits are to make up for an actual economic loss arising out of the death of the wage earner. Adair v. Finch, 421 F.2d 652 (10th Cir., 1970); Collins v. Finch, 311 F.Supp. 301 (W.D.Pa.1970). In this case there was no economic loss upon the wage earner's death. The plaintiff's economic condition did not change one iota due to the deceased wage earner's death. It is hardly the purpose of the Social Security Act to award an estranged wife, who had no economic ties whatever to the wage earner, a windfall upon her former husband's death.

■ The reasoning of two earlier social security cases seems to be very appropriate in the analysis of this particular fact situation. In Collins v. Finch, 311 F.Supp. 301 (W.D.Pa., 1970) and Adair v. Finch, 421 F.2d 652 (10th Cir., 1970), it has been held that a divorced wife was not entitled to social security survivor's benefits because the income did not have its source in any obligation of the former husband. Neither the amount nor the continued receipt of the income depends upon the financial condition of the former husband. The income simply does not flow from an economic relationship between them. The income derived by the claimant from property conveyed to her by her former husband is merely her own personal income from property that was solely hers free of all claim or obligation of the wage earner. Thus, such income does not constitute substantial contributions to her support within the meaning of the Social Security Act.

Looking at the entire factual situation, particularly the fact that the plaintiff's economic condition has been unchanged since her former husband's death, it can be seen that the plaintiff was not receiving support from the deceased wage earner and therefore does not come within the announced purpose of this particular section. In this case an award of benefits would only serve as an unjustified windfall to the plaintiff instead of fulfilling the Act's legitimate objective of making up an actual economic loss to the widow when her husband's death dries up her source of support.

Accordingly, for the reasons discussed, the defendant's motion for summary

judgment should be and hereby is granted.

The clerk is directed to sent a certified copy of this opinion and judgment to counsel of record.