**Kathleen M. DONALDSON, o/b/o Kristen M. Donaldson, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. CIV–82–725C.

United States District Court, W.D. New York.

June 17, 1983.

---

Robshaw & Abramowitz, Buffalo, N.Y. (Philip B. Abramowitz, Buffalo, N.Y., of counsel), for plaintiff.

Salvatore R. Martoche, U.S. Atty., Buffalo, N.Y. (Jack S. Penca, Asst. U.S. Atty., Buffalo, N.Y., of counsel), for defendant.

CURTIN, Chief Judge.

This matter concerns plaintiff's application for surviving child insurance benefits authorized pursuant to section 202(d)(1) of the Social Security Act, 42 U.S.C. § 402(d)(1). The Administrative Law Judge [ALJ], before whom plaintiff initially appeared, determined that plaintiff was eligible for these benefits on March 9, 1982, under 42 U.S.C. §§ 216(h)(2) and 216(h)(3). Subsequently, the Appeals Council, on its own motion, reversed this decision and found that plaintiff was not eligible for these benefits. Plaintiff then filed this action seeking reversal of the Secretary's decision.

Because this court finds that the Secretary has failed to follow her own promulgated regulations in this specific case, the decision of the Secretary is reversed, and the Department of Health and Human Services is directed to pay plaintiff surviving insurance benefits under the Social Security Act.

The facts are not in dispute and are briefly summarized as follows. Plaintiff Kathleen M. Donaldson and William McDougall, the deceased wage earner, "maintained an affectionate and loving relationship," from August, 1978, until his death (Government Memorandum of Law, Docket Item 8, p. 3; Tr. 12–13). They were never married to each other, nor did they live together, and Mr. McDougall did not contribute to the support of plaintiff (Tr. at 33–34). As a result of their relationship, Kristen M. Donaldson was conceived in early September, 1979 (Tr. at 59–60). Tragically, Mr.

McDougall was killed in an automobile accident approximately two weeks later, on September 29, 1979 (Tr. at 69). On June 2, 1980, Kristen Donaldson was born, some 8½ months after the death of Mr. McDougall (Tr. at 48) (*see also* Government Memorandum of Law, Docket Item 8).

There is no dispute that Mr. McDougall is the father of Kristen. This is acknowledged by all the parties, including the government (Government Memorandum of Law, Docket Item 8, p. 8). A paternity petition was filed in Erie County Family Court on October 6, 1980, and an order of filiation was entered by Family Court Judge Trost on December 10, 1980, declaring William R. McDougall to be the father of Kristen Donaldson (Tr. at 51).

The regulations, 20 C.F.R. § 404.354, *et seq.*, and the statutes, 42 U.S.C. §§ 416(h)(2) and 416(h)(3) specify various methods by which a parent-child relationship can be demonstrated in order for a child to be eligible for Social Security child insurance benefits. One method used by the Secretary is to look at the laws of the state of the decedent's domicile, and if the child could inherit intestate personal property under state law, the child is eligible to receive Social Security benefits. 42 U.S.C. § 216(h)(2)(A), 20 C.F.R. § 404.354(b). The Appeals Council found the plaintiff ineligible for benefits under this section of the statute, because section 4–1.2 of the New York State Estates, Powers and Trusts Law [EPTL] requires either the parents of the child to intermarry or an order of filiation declaring paternity to be entered by a court during the lifetime of the father in order for the child to inherit intestate personal property.

The Appeals Council also found that the plaintiff was ineligible for benefits under 42 U.S.C. § 416(h)(3)(C). This section of the Social Security Act is similar to EPTL § 4–1.2 in that a child may be eligible for Social Security benefits if a court of competent jurisdiction enters a decree of paternity during the lifetime of the father.

Thus, the decision of the Appeals Council denying benefits to the plaintiff was based

upon the complete impossibility of the entry of an order of filiation during the lifetime of Mr. McDougall.[1] This reasoning and wooden application of the statute by the Appeals Council ignores the Department's regulations promulgated under 20 C.F.R. §§ 404.354(b) and 404.355(c). Section 404.-354(b) states in part:

> If these [state] laws would not permit you to inherit the insured's personal property as his or her child, you may still be eligible for child's benefits if you are related to the insured in one of the other ways described in §§ 404.355–404.359.

Section 404.355 describes various methods of determining who is the insured's natural child, and states:

> You may be eligible for benefits as the insured's natural child if one of the following conditions is met:

\* \* \* \* \* \*

(c) Your mother has not married the insured but the insured is your father and he has either acknowledged in writing that you are his child, been decreed by a court to be your father, or been ordered by a court to contribute to your support because you are his child.

Given the facts of this case, it is clear that the requirements of 20 C.F.R. § 404.-355(c) have been met by the plaintiff. There is no requirement in this regulation that an order of filiation or paternity be entered during the lifetime of the father. Rather, the only condition which plaintiff must demonstrate is a court decree of paternity. The Family Court order of Judge Trost has decreed Mr. McDougall to be the father of the plaintiff, and the government has acknowledged that the insured, Mr. McDougall, is the father of Kristen Donaldson.

It is now axiomatic that the Social Security Act is a remedial statute to be broadly

---

1. The court recognizes the numerous constitutional issues which are readily apparent in this case. Consistent with *Crowell v. Benson,* 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1932); and *Adams v. Weinburger,* 521 F.2d 656, 658 (2d Cir.1975), the court must first ascertain whether a construction of sections 216(h)(2)(A) and 216(h)(3) is fairly possible by which the constitutional question may be avoided. In this specific case, the court has determined that these serious questions need not be addressed.

Nevertheless, this court is cognizant of the recent decision of *Handley, By and Through Herron v. Schweiker,* 697 F.2d 999 (11th Cir. 1983), the facts of which are strikingly similar to the instant case. In *Handley,* the father of the child seeking Social Security insurance benefits was fatally injured in an automobile accident and fell into a coma some four months before the child was born. He died four months after the child was born, and there was no question of paternity. Under Alabama law, as in New York, see EPTL 4–1.2, a paternity proceeding must be maintained during the lifetime of the father in order for the child to become legitimate or to qualify to inherit from the father's estate. These Alabama proceedings were not initiated during the lifetime of the father, and as a result, the child was denied child insurance benefits under section 216(h)(2)(A) of the Social Security Act by the district court. The Court of Appeals found the Alabama intestacy laws to be unconstitutional, because there was insufficient time to initiate paternity proceedings, and the law did not allow for posthumous intestacy determinations. Since paternity had been clearly established, the court awarded child insurance benefits to Amanda Handley under section 216(h)(2)(A).

In its decision, the *Handley* court factually distinguished the case from *Lalli v. Lalli,* 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978), where the Supreme Court upheld the constitutionality of New York State statute EPTL § 4–1.2. Yet, in this state, unlike Alabama, there is no statutory or legal impediment to prevent a family court from determining paternity after the father has died. Indeed, in this case, Family Court Judge Trost decreed that plaintiff is the daughter of Mr. McDougall. Plaintiff does not challenge the constitutionality of EPTL § 4–1.2 or its application to 42 U.S.C. § 416(h)(2)(A), and these questions are not before the court. Nor is it necessary in this case to determine the constitutionality of section 416(h)(3)(C). This section provides that a child may be entitled to Social Security benefits if the deceased individual "had been decreed by a court to be the father of the applicant" and the decree "was made before the death of such insured individual ...." The application of this statute to plaintiff in this case, where her father died before she was born, would present a "paradox legally and logically untenable." *Handley, By and Through Herron v. Scweiker, supra* at 1006. Here, the plain meaning of 20 C.F.R. § 404.355(c) provides a method of avoiding this obvious constitutional paradox, which the court must first consider. *Adams v. Weinburger, supra* at 658.

construed and liberally applied. *Bastien v. Califano,* 572 F.2d 908, 912 (2d Cir.1978); *Gold v. Secretary of Health, Education and Welfare,* 463 F.2d 38, 41 (2d Cir.1972); *Haberman v. Finch,* 418 F.2d 664, 667 (2d Cir.1969). If a Social Security Act regulation "is consistent with the spirit and intent of the Act, it has the full force and effect of law." *Collins v. Finch,* 311 F.Supp. 301, 306 (W.D.Pa.1970). Since 20 C.F.R. § 404.-355(c) was promulgated within the spirit and intent of the Act, *see* S.Rep. No. 404, 88th Cong., 2nd Sess. (June 30, 1965), *reprinted in* [1965] U.S.Code Cong. & Admin. News, 1943, 2049–2050[2], the Secretary has failed to demonstrate any reason why this regulation should not have the full force and effect of law, and applied according to its plain and simple meaning.

For these reasons, the court finds that the decision of the Appeals Council should be reversed, and the court directs that the Secretary award child insurance benefits to the plaintiff.

So ordered.

**2.** The spirit and intent of the Act are clearly expressed in the legislative history of the Social Security Amendments of 1965. The Senate Committee noted the inequity and unfairness of the then-existing statute, which allowed children to receive child insurance benefits only if the child would inherit under the state laws for determining the devolution of intestate personal property. The Committee stated it believed that:

> [I]n a national program that is intended to pay benefits to replace the support lost by a child when his father retires, dies, or becomes disabled, whether a child gets benefits should not depend on whether he can inherit his father's intestate personal property under the laws of the State in which his father happens to live. The committee has therefore included in the bill a provision under which benefits would be paid to a child on the earnings record of his father, even though the child cannot inherit the father's intestate property, if the father had acknowledged the child in writing, had been ordered by a court to contribute to the child's support, had been judicially decreed to be the child's father, or is shown by other evidence satisfactory to the Secretary of Health, Education, and Welfare to be the child's father and was living with or contributing to the support of the child.

S.Rep. No. 404, 89th Cong., 1st Sess. (June 30, 1965), *reprinted in* [1965] U.S.Code Cong. & Admin.News, 1943, 2050. Nowhere in the legislative history does the Committee mention any requirement that a judicial paternity determination be made within the lifetime of the father.